CASE 24.—ACTION BY E. H. TAYLOR, JR. & SONS COMPANY
AGAINST MARION E. TAYLOR FOR INFRINGE-
MENT OF PLAINTIFF'S TRADE-MARK.—March
17, 1905.

# E. H. Taylor, Jr. & Sons Co. v. Taylor

Appeal from Jefferson Circuit Court, Chancery
Division.

Judgment for defendant.   Plaintiff appeals.   Re-
versed.

Trade-Mark—Assignment—Infringement—Fraudulent   Use—Rem-
edy—Complaint—Election Between Counts—

1. In an action for infringement of a trade-mark in the sale of
whisky, it was proper to require plaintiff to elect between
his cause for injunction and accounting, and his cause for
damages based on fraud.

2. Where plaintiff corporation purchased a distillery from the
assignee of an insolvent partnership, and continued to use
the brand and trade-mark of such firm without objections
by the assignee or creditors of the firm, it must be presumed,
in an action against a third person for the infringement of
the trade-mark, that the debts of the partners were settled,
and that the trade-mark reverted to the partners as their
property, and that they had the right to use it in the name
of the corporation which they subsequently formed.

3. The application for registry of plaintiff's trade-mark stated
that it "consists of the arbitrary word symbol 'E. H. Taylor,
Jr., & Sons,' being a script fac simile of the signature of our
name by the senior member thereof. This has generally been
arranged x x x in black script, on a horizontal line within
a circular border embracing the words 'Old Taylor,' but these
are nonessential," etc. Held, that a trade-mark used by the
defendant, having in it the words "Old Kentucky Taylor,"
is not an infringement of the plaintiff's trade-mark.

4. In connection with his trade-mark in the sale of straight
whisky plaintiff used the words "Old Taylor," though the
essential feature of the registered trade-mark was the script

fac simile signature "E. H. Taylor, Jr., & Sons." Defendant, in advertising his blended whisky, used the words "Kentucky Taylor" and "Old Kentucky Taylor." Held that, though there is not such an infringement of a trade-mark as entitles plaintiff to an injunction and an accounting, defendant is guilty of a fraudulent simulation of plaintiff's whisky, and plaintiff is entitled to an action for damages for the fraud.

WM. McKEE DUNCAN, WM. LINDSAY and HAZELRIGG & HAZELRIGG for appellant.

HUMPHREY, HINES & HUMPHREY for appellee.

(No brief in record.)

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

E. H. Taylor, Jr., & Sons Company is a corporation formed under the laws of Kentucky, and engaged in the manufacture and sale of whisky in Woodford and Franklin counties, claiming the exclusive use of a certain trade-mark, which is lettered upon the barrels, bottles and cases containing their whisky, and printed upon their letter heads and their advertisements; their brand being "Old Taylor," coupled with the words, "The Premier Kentucky Whisky," and with the script signature of E. H. Taylor, Jr., & Sons. It filed this suit, charging in its petition that, while it had the exclusive right to use the above trade-mark the defendant, Marion E. Taylor, was, without its consent, in the city of Louisville, using on barrels, bottles, etc., containing a spurious compound of whisky, a trade-mark and brand substantially the same as, and almost identical with, that of the plaintiff; that this he did fraudulently to mislead the public, purchasers and consumers of whisky, into the belief that the whisky so branded by him was the whisky manufactured by the plaintiff; that the

defendant advertised himself as a distiller, when he owned no distillery, and was not a distiller of whisky, and was palming off his compound as "Old Taylor" whisky, although he was only a blender of whisky, and was thus infringing upon the plaintiff's trademark, which was of value $100,000, and had thus enriched himself to the full amount of $75,000. An injunction was prayed, restraining the defendant from further piracy of its trade-mark, and an account was sought of profits made by the defendant in his infringement of the plaintiff's trade-mark, and also damages in the sum of $100,000 for the simulation of plaintiff's whisky, and the selling of defendant's whisky for it. The defendant entered a motion that the court required the plaintiff to elect whether it would prosecute the claim on account of profits or the claim for damages. The court sustained the motion, and thereupon the plaintiff elected to sue for an injunction and accounting of profits, and dismissed so much of its petition, without prejudice, as claimed damages; reserving the right to sue therefor in another action if it should so desire. This action of the court was proper, as the plaintiff was not entitled to both an accounting of profits, and damages for the simulation of its whisky. The account of profits could be had in an equitable action, but damages for the simulation of its whisky would properly be had in a common-law action, as in other cases of fraud. There was thus left in the action only the question of an injunction and an accounting of profits if the infringement of the trade-mark was established. The defendant answered, traversing all of the allegations of the petition. On final hearing the court dismissed the petition, and the plaintiff appeals.

The proof shows that on January 1, 1887, a partnership was formed of E. H. Taylor, Jr., & Sons.

This firm operated a distillery in Woodford county, manufacturing whisky which was known as "Old Taylor," and was so branded on the barrels, bottles, etc. They advertised it very extensively, and it attained a high reputation as a first-class whisky. The firm made an assignment in the year 1893, and on April 30, 1894, the corporation of E. H. Taylor, Jr., & Sons Company was formed, which has since manufactured "Old Taylor" whisky, and has continued to advertise it extensively and sell it all over the country. It is claimed by the defendant that it is not shown how the corporation ever got the right to use the brand "Old Taylor," no transfer appearing from the assignee of the firm. But it is shown that the corporation bought the distillery at which the whisky was made, and as neither the assignee nor any of the creditors of the firm have objected to the use of the brand by the corporation, it must be presumed that the debts of the firm were settled, and that the brand, as the property of the partners, reverted to them, and that they had the right to use it in the name of the corporation which they subsequently formed.

It remains, therefore, to determine what trademark the firm had. It appears that the firm applied in 1887 to the United States authorities to register a trade-mark, "Taylor," or "Old Taylor," but the application was rejected by the Patent Office because of a prior use of the brand. After this, in the year 1889, the firm made another application to the Patent Office to register a trade-mark, which was granted. In this application they said: "Our trade-mark consists of the arbitrary word symbol 'E. H. Taylor, Jr., & Sons,' being a script fac simile of the signature of our firm name by the senior member thereof. This has generally been arranged, as shown, in the accom-

panying fac simile, in which it appears, in black script, on a horizontal line within a circular border embracing the words 'Old Taylor,' but these are non-essential, and it may be differently arranged or colored without materially altering the character of our trade-mark. It has sometimes been used with additions in the following form, to-wit: 'Yours truly, Edmund H. Taylor, Jr., & Sons;' but the essential feature of the trade-mark is the script fac simile signature 'E. H. Taylor, Jr., & Sons.' This trade-mark has been used continually in business by us since January 1, 1887.''

Where a trade-mark is registered, the registry must be presumed to show what the trade-mark is, and things which are disclaimed as going to make up the trade-mark must be considered as abandoned. Under this rule, the trade-mark of the firm did not consist in the words ''Old Taylor,'' for these are expressly said to be non-essential in the application, and the essential feature in the trade-mark is the script fac simile signature, ''E. H. Taylor, Jr., & Sons,'' by the senior member of the firm. Stagg v. Taylor, 95 Ky. 661, 16 Ky. Law Rep. 213, 27 S. W. 247. It is not claimed that the defendant has infringed in any way this trade-mark. He has not used anything in his brands of this character, and therefore so much of the action as sought an injunction to restrain the defendant from infringing the plaintiff's trade-mark, or an account of profits therefor, was properly dismissed by the circuit court.

It remains to consider whether there was a fraudulent simulation of the plaintiff's whisky by the defendant. The proof shows that the plaintiff's whisky was a high-priced article, and was advertised extensively as a pure distilled whisky, most of it

being bottled in bond.    The defendant, Marion E. Taylor, at the time the suit was brought, was not a distiller, and did not own a distillery.    He was a rectifier doing business in Louisville.    Before going in business in Louisville, about the year 1889, he had been a drummer traveling through the South, and had been known among some of his friends as "Kentucky Taylor."    When he went into the rectifying business he began putting up a whisky which he called "Old Kentucky Taylor."    Rectified or blended whisky is known to the trade as "single-stamp whisky," while bonded whisky is known as "double-stamp goods."    The proof shows that the rectifiers or blenders take a barrel of whisky, and draw off a large part of it, filling it up with water, and then adding spirits or other chemicals to make it proof, and give it age, bead, etc.    The proof also shows that from 50 to 75 per cent of the whisky sold in the United States now is blended whisky, and that a large part of the trade prefer it to the straight goods.    It is a cheaper article, and there is therefore a temptation to simulate the more expensive whisky.    The bottles in which the defendant sold his whisky were not similar to the plaintiff's bottles.    The label used by the appellant on its bottles is as follows:

Appellee used on his bottles the following labels:

In his advertisement appellee followed often the label on his bottles. In other advertisements he used the following:

Appellee advertised his whisky extensively, and we think it reasonably clear that one reading these advertisements, who was not familiar with the whisky trade, would understand that "Old Kentucky Taylor" was a straight whisky; and, without going into the minutiæ of the evidence, we deem it sufficient to say that we are satisfied from it that appellee intentionally labeled and advertised his whisky as he did, to pass it off, not as blended goods, but as the whisky of appellant, which had attained a very high reputation as a pure Kentucky distilled whisky, and that his thus selling his blended whisky was a violation of appellant's rights. Appellant had sent out

thousands of circulars every month advertising its whisky. It has spent hundreds of dollars in the trade journals and otherwise advertising it as the "Premier Kentucky Whisky," and it had thus given value to its brand. Appellee's whisky was a cheaper article, and could be sold at prices at which appellant could not afford to sell its whisky. The selling of the cheaper goods under labels and advertisements which to the uninitiated would indicate that it was appellant's whisky, so well advertised as a first-class article, cannot be sanctioned. The defendant may properly sell his brand of "Old Kentucky Taylor," provided he so frames his advertisements as to show that it is a blended whisky, but he cannot be allowed to impose upon the public a cheaper article, and thus deprive appellant of the fruits of its energy and expenditures by selling his blended whisky under labels or advertisements which conceal the true character of the article, for this would destroy the value of the appellant's trade.

In the action for fraudulent simulation of the plaintiff's goods there can be no accounting of profits in equity. The remedy is by the common-law action for damages, as in any other case of fraud. So much of the action as sought damages having been dismissed by the appellant without prejudice, the only remedy to which it is entitled is an injunction as above indicated.

Judgment reversed and cause remanded for a judgment and further proceedings consistent herewith.