## Country Distillers Products, Inc. v. Samuels, Inc. Country Distillers Products, Inc. v. Old Samuels Distillery, Inc.

September 28, 1948.

As Extended on Denial of Rehearing January 25, 1949.

Milliken & Handmaker for appellants.

Ernest N. Fulton for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER.

—Affirming in first and second case and affirming in part and reversing in part on cross-appeal.

For over one-hundred years T. W. Samuels Whiskey was distilled, bottled, and sold by the Samuels family. The business originated under the ownership of T. W. Samuels, deceased, the great grandfather of T. William Samuels, who resides in Nelson County.

In the year 1933, T. William Samuels together with his father and others formed a corporation styled T. W. Samuels Distillery. All the properties of the business were transferred to the corporation, which commenced

and continued to operate in the same manner the family had operated previous to the organization of the corporation.

On December 5, 1933, in consideration of the issual to him of certain stock in the corporation, Leslie B. Samuels, father of T. William, transferred to the corporation the "T. W. Samuels" brand for whiskey owned by him. On that date at a meeting of the Board of Directors, Leslie B. was elected a member of the Executive Committee and Vice President and General Manager of the corporation, and T. William was elected Assistant General Manager. In the year 1935, T. William, by purchase from the corporation, acquired a substantial number of shares of the capital stock. On February 11, 1936, Leslie B. transferred to T. William approximately one-half of the number of shares owned by him, and upon Leslie's death February 17, 1936, T. William, the only heir at law, inherited the remainder of Leslie's holdings.

On December 30, 1938, the corporation increased its capital stock, and T. William, by subscription, increased his holdings in the company. In the meantime he had been elected a Director of the corporation to succeed his father, and at the same time was elected Vice President and General Manager, all of which offices and position he held continuously until July 30, 1943, when he resigned, and sold all of his stock. In the meantime to wit, January 6, 1942, the Articles of Incorporation were amended changing the name of the corporation to Country Distillers Products, Incorporated.

On January 14, 1942, pursuant to the provisions of Sec. 199b—1, 3, 4, Carroll's Kentucky Statutes, now KRS 365.010, T. William Samuels, as Vice President of the corporation, signed, acknowledged, and caused to be filed in the office of the Clerk of the Nelson County Court a declaration of the corporation's intention to do business under the assumed names of (1) T. W. Samuels Distillery, and (2) Old Jordan Distillery. In the meantime to wit, February 26, 1935, the corporation registered with the United States patent office, and it now is the registered owner of, the brand name "T. W. Samuels." At all times since the corporation's name was changed to Country Distillers Products, Incorporated

it has carried on its stationery, immediately under its corporate name, "T. W. Samuels—Old Jordan Kentucky Straight Bourbon Whiskey."

Whilst the above history of appellant corporation may not be complete, it is sufficient for the purpose of determining the issues involved in this case. We now will give a brief resume of the history of the corporate appellees.

Approximately six weeks after T. William Samuels sold his stock in appellant corporation, he, his wife, and Honorable Ernest N. Fulton, as incorporators, filed Articles of Incorporation in the County Court Clerk's office of Nelson County, and the Secretary of State's office in Frankfort, to incorporate both appellees, "T. W. Samuels, Incorporated" and "Old Samuels Distillery, Incorporated," each having an authorized capital stock of $3,000. Each of the above named incorporators subscribed to five shares amounting in the aggregate to fifty per centum of the common stock of each of the corporations. At the date of the filing of the petitions herein none of the subscriptions had been paid in full or in part, and neither corporation had attempted to function as such because (1) of the recent World War, in which T. William Samuels participated, and (2) the institution of these suits. The Articles of Incorporation of each of appellees permit them to engage in the manufacture, transportation, blending, and sale of whiskey, and other distillery products, and to engage in all activities and pursuits incident thereto. It appears from the record that each of the appellees at the termination of this litigation will commence operation in accordance with its Articles of Incorporation, but the name or names of the brand or brands of whiskey it owns or under which it intends to market its products does not appear in the record. The parties to both actions have stipulated that each of the appellees will cause to be placed under its corporate name, wherever it may appear, the following phrase: "not connected with Country Distillers Products, Incorporated."

These actions, consolidated in this Court, were instituted seeking to enjoin appellees from (1) using the names "T. W. Samuels, Incorporated," "Old Samuels Distillery, Incorporated," or any similar name as part

of their corporate names; (2) from using the names, "T. W. Samuels, Incorporated" or "Old Samuels Distillery, Incorporated," as a trade mark or brand name for its products or any of them; and, (3) from using the name, "T. W. Samuels, Incorporated," "Old Samuels Distillery, Incorporated," or any similar name in any connection with their trades or businesses.

In the judgment appealed from in the case first above styled the chancellor declared the appellee to be entitled to use the corporate name, "T. W. Samuels, Incorporated" and to cause to be placed on its labels, "manufactured, bottled, or blended by T. W. Samuels, Incorporated;" provided it causes to be placed under the corporate name or adjacent thereto the words "not connected with Country Distillers, Incorporated." The judgment further provides that the corporate name, "T. W. Samuels, Incorporated," should be of type comparable in size to that customarily used by other distributors on the bottom of whiskey labels designating the name of the distillery at which the products shall have been manufactured, bottled, or blended; that appellee shall not use the words, "T. W. Samuels" as a brand name or a trade name; and that appellant shall have the exclusive right to use the brand name of "T. W. Samuels."

The judgment in the second styled case is identical with the one in the first styled case except the words, "Old Samuels Distillery, Incorporated," was substituted for the words, "T. W. Samuels, Incorporated." In addition thereto the judgment provides that appellant has the exclusive right to the use of the brand name "Old Samuels," despite the fact that neither of the parties to these actions nor any third party, so far as this record discloses, has ever asserted ownership of, or the right to use, the words "Old Samuels" as a brand name for whiskey.

On these appeals appellant contends that the Court erred in refusing to grant it an injunction prohibiting appellees from using the words T. W. Samuels and Old Samuels in their corporate names, because the use of such names in the manner complained of amounts to unfair competition to appellant. On the cross appeal, appellee, Old Samuels Distillery, Incorporated, contends

that the Court erred in adjudging appellant to be the sole owner of, and entitled to, the exclusive use of the brand name of "Old Samuels." In support of this contention, appellee argues that there never was a brand for whiskey known as "Old Samuels," therefore, no one can assert the right of ownership, or exclusive use, of it. Both appellees contend that the Chancellor was without authority to designate the size type they may use on their whiskey labels.

The precise question heretofore has not been presented to this Court. In E. H. Taylor, Jr., and Sons Company v. Taylor, 124 Ky. 173, 85 S. W. 1085, the appellant had sought an injunction to restrain appellee from infringing on appellant's trademark which consists of the words "Old Taylor" accompanied by a facsimile of the signature of the senior member of the firm. The trade-mark alleged to have been an infringement on appellant's trade-mark, was "Kentucky Taylor Whiskey." The Court held that there was no infringement in respect to the trade-mark, but did hold that other advertising on the label of the whiskey misrepresented the true character of the product bottled by the appellee, constituting a fraudulent simulation of appellant's whiskey, and because of that fact the uninitiated would be led to believe that they were buying appellant's whiskey; whereas, in truth, and in fact, they were not. Appellee's whiskey was rectified, whereas, appellant's whiskey was a straight, distilled, bourbon. The Court held that the appellee would be entitled to sell his brand of "Old Kentucky Taylor," provided, he framed his advertisements so as to show it to be a blended (rectified) whiskey.

In Frazier et al. v. Dowling et al., 39 S. W. 45, 18 Ky. Law Rep., 1109, the infringement alleged was upon the trade-mark "Waterfill & Frazier" which was a brand registered with the United States Government, and which registry gave appellees the right to its exclusive use. The appellants in that case ordered labels and were threatening to use the identical brand. The Court held it to be an unlawful infringement, although appellants' right to use their names in their trade-marks was recognized. In Churchill Downs Distilling Company v. Churchill Downs, Incorporated, 262 Ky. 567, 90 S. W. 2d 1041, 1042, B. J. Frentz and associates organized a

corporation under the style of Churchill Downs Distilling Company. Its plant was located in Nelson County, about thirty miles from the race track, owned by Churchill Downs, Incorporated, at which the running of the Kentucky Derby had been held continuously from the year 1875. The bottles in which the product of the distilling company were sold were labeled "Churchill Downs Brand, Straight Kentucky Bourbon Whiskey, Bottled by Churchill Downs Distilling Company, Incorporated, Louisville, Kentucky." On the label the words "Churchill Downs" were printed in bold letters, with the facsimile of a grandstand easily identified as the one located at the racing plant of Churchill Downs, Incorporated. In front of the grandstand a race track was pictured with horses and jockeys in the act of racing. Mr. Frentz testified that the words "Churchill Downs" were used because it was a name that was known in Kentucky; and the distilling company hoped that the use of the name would help extend its sales and increase its profits; that there was no connection whatsoever between the two corporations or those interested therein. The judgment of the lower Court granting an injunction was affirmed by this Court. In holding that there was an infringement, the Court carefully noted the fact that no one interested in or connected with the distilling corporation was of the name of Churchill or Downs. The author of the opinion did not indicate the conclusion the Court would have reached, had the incorporators been named Churchill and Downs, or had one of them been named Churchill Downs, but in the light of all the authorities concerning the right of one to use his own name, or his family name, under which to do business, or with which to brand his product, we think it not unreasonable to infer that in such state of case a contrary conclusion would have been reached. In the first two cases the complaints were based upon infringements of brand on brand. In the Churchill Downs case the complaint was based upon an infringement of a corporate name upon a corporate name, but in the instant case the complaint is that appellees' corporate name, which is the true name of the principal incorporator, followed by the word incorporated, infringes upon a trade-mark of appellant.

More nearly in point with the questions herein pre-

sented is National Distillers Products Corporation and Old Taylor Distilling Company, Incorporated, v. K. Taylor Distilling Company, Incorporated, 31 F. Supp. 611, decided February 24, 1940, by Honorable H. Church Ford, Judge of the United States District Court for the Eastern District of Kentucky. In that case it appears the National Distillers Products Corporation was organized in 1924 under the laws of Virginia, and the Old Taylor Distillery Company, Incorporated, a Maryland corporation, was its wholly owned subsidiary. The K. Taylor Distilling Company, Incorporated, was organized under the laws of the state of Maryland in August 1933. The Old Taylor Distillery Company, Incorporated, was the successor to a partnership of E. H. Taylor, Jr., and his sons, J. S. and Kenner. All the assets of the Old Taylor Distillery Company were purchased by the National Distillers Products Corporation, the former being, at the time of the decision, nothing more than a name under which the National Distillers Products Corporation produced and distributed its "Old Taylor" whiskey. At the time the National Distillers purchased the assets of the Old Taylor Distillery Company, Kenner Taylor was one of the stock holders of old Taylor and joined in the sale. Several months previous to the repeal of national prohibition Honorable S. S. Yantis of Lexington and several associates purchased a former distillery site and organized a corporation under the corporate name of "Franklin County Distilling Company" which took over the title to the property. They entered into an agreement with Mr. Kenner Taylor, whereby, the latter agreed to accept at once the presidency of the new corporation and to perform all of the duties of its chief executive officer in the conduct of its affairs for a period of five years at a stipulated salary. The contract gave Mr. Taylor the option to purchase at any time within five years 10,000 shares of common stock of the corporation, or any part thereof, at the price of $2.50 per share. As a part of the consideration of the contract Mr. Taylor agreed that the corporation might use his personal name in branding and advertising its product. Pursuant to this authority, the Franklin County Distilling Company, by appropriate action, changed the name of the corporation to "The K. Taylor Distilling Company." Less than a year thereafter Mr. Taylor died.

No whiskey was distilled by the K. Taylor Distilling Company during Mr. Taylor's lifetime, but its distillery was put in operation less than a year after his death, and it began advertising its product under the brand "Kenner Taylor" and later added the brand "K. Taylor." In advertising these brands of whiskey it distributed pamphlets containing the pictures of E. H. Taylor, Jr., and two of his sons, who were associated with him in the business, together with comments upon their connection with the establishment of the reputation of the name "Taylor" as a symbol of fine Kentucky whiskey. Judge Ford remarked that such advertising indicated a deliberate purpose to benefit by the good will and reputation of "Old Taylor" whiskey and that the phrase used by the K. Taylor Company tended naturally to mislead and deceive the public into believing that the defendant was the successor of or had some close connection with the producer of "Old Taylor" whiskey. Nevertheless, he held that Mr. Kenner Taylor's participation in the conveyances by which the assets, trade names, trade marks, or good will of the corporation, of which he was a stock holder, or of the partnership of which he was a member, would not divest him of his personal right to fairly, honestly, and reasonably make use of his own name Kenner Taylor, or his family name Taylor, in his business, or for any other legitimate purposes. The Court then held that honesty and fair dealing on the part of K. Taylor could be accomplished by placing in its advertisements and on its labels language specifically showing that it was not the successor to nor connected with the maker of Old Taylor whiskey. That decision finds ample support in the following authorities: 107 A. L. R. p. 1282 where, in quoting from a Canadian case, it says: " 'Every man has the undeniable right to the use of his patronymic name in his business and he cannot be absolutely restrained from using it, even though another person bearing the same name, previously established in a business of the same character, has adopted it; he can only be prevented from making use of it in such a way as to cause confusion.' " In Stix, Baer and Fuller Dry Goods Company v. American Piano Company, 8 Cir., 211 F. 271, 274, the Court said: "It is now settled beyond controversy that a family surname is incapable of exclusive appropriation in trade.

The right of every man to use his own name in his business was declared in the law before the modern doctrine of unfair trade competition had arisen. It is part of the law of trade-mark. * * *. If, however, the name has previously become well known in trade, the second comer uses it subject to three important restrictions: (1) He may not affirmatively do anything to cause the public to believe that his article is made by the first manufacturer. (2) He must exercise reasonable care to prevent the public from so believing (3) He must exercise reasonable care to prevent the public from believing that he is the successor in business of the first manufacturer. This duty to warn, however, must not be pressed so far as to make it impracticable for the second comer to use his name in trade." To the same effect is Fletcher On Corporations, Permanent Edition, Volume 6, p. 45.

We are of the opinion that the restrictions imposed on appellees by the Chancellor sufficiently meet the test expressed in the above styled authorities, when by his judgment he requires appellees to place under their corporate names the words "not connected with Country Distillers Products."

We think the Chancellor did not abuse his discretion in requiring appellees to print their corporate names on their labels in type comparable in size to that used by other distilleries. By enlarging its type on its labels each appellee would be giving undue prominence to a name it is entitled to use only "reasonably, honestly, and fairly." But we are of the opinion that the Chancellor exceeded his authority in declaring that the appellant has the exclusive right to use the brand name "Old Samuels," which neither by pleading nor by evidence it has asserted a right to use. The only place that the brand name "Old Samuels" appears in this record, is in the judgment.

Wherefore, the judgment in the case of Country Distillers Products, Incorporated, v. T. W. Samuels, Incorporated is affirmed on both the original and cross appeals; and the judgment in the case of Country Distillers Products, Incorporated, v. Old Samuels Distillery, Incorporated is affirmed on the original appeal, and affirmed in part and reversed in part on the cross appeal.

with directions that another be entered in conformity with this opinion.

It is the contention of the appellant in its petition for rehearing that the decision of this Court constitutes a taking of property without due process of law and is therefore violative of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States. With this contention we cannot agree.