**JOHN P. DANT DISTILLERY CO.,**
Plaintiff,

v.

**SCHENLEY DISTILLERS, INC.,**

Defendant,

v.

**John P. DANT, Jr., Third-Party**
Defendant.

Civ. A. No. 3044.

United States District Court
W. D. Kentucky,
at Louisville.

Aug 9, 1960.

Oldham Clarke, Henry E. McElwain, Jr., McElwain, Dinning, Clarke & Winstead, Louisville, Ky., for plaintiff-third-party defendant.

Alex Friedman, Richard Blum, Blum, Moscovitz, Friedman & Blum, New York City, Joseph J. Kaplan, Ben F. Washer, Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This action was instituted by John P. Dant Distillery Co., against Schenley Distillers, Inc., by the filing of a complaint November 21, 1955. Plaintiff invoked jurisdiction of this Court on diversity of citizenship between the plaintiff and the defendant. Plaintiff sought a declaration of rights with respect to the trade-mark under which it markets whiskey and its corporate name, and sought injunctions protecting it in the continuation of its alleged right to use the trade-mark and its corporate name.

Defendant filed its answer April 4, 1957, denying in detail the material averments of the complaint and by counterclaim it sought an injunction against plaintiff and against John P. Dant, Jr., president of plaintiff corporation, who was made a third-party defendant. The injunction sought by defendant on its counterclaim and third-party complaint would enjoin the alleged infringement upon registered trade-marks of defendant and also enjoin plaintiff and third-party defendant from alleged unfair competition with defendant by the use of the name "John P. Dant" or any use of the name "Dant", alone or in combination, as trade-marks or trade names in connection with the distilling and marketing of whiskey.

Plaintiff's reply to defendant's counterclaim and the answer of John P. Dant, Jr., third-party defendant, to the third-party complaint was filed February 12, 1958, and contained two defenses. Plaintiff admitted the facts constituting jurisdiction of the counterclaim and denied the remaining material allegations of the counterclaim. Plaintiff alleged affirmatively that the defendant was seeking to

appropriate to itself the exclusive use of the family name "Dant"; that "John P. Dant" was a part of the corporate name of plaintiff, the name of its trademark on its labels in the sale of whiskey, and the personal name of third-party defendant and its current president. It was alleged that the use of the common surname "Dant" by the plaintiff, the third-party defendant, and their predecessor users of said trade and corporate name was and had always been reasonable, honest and fair, and that the labels and corporate name were not identical with or an imitation of defendant's trade-mark "J. W. Dant." It was alleged that concurrent and competing use of the marks "John P. Dant" and "J. W. Dant" had existed in the whiskey business for 50 years without protest. In the second defense it was alleged that, by reason of the business relations and the ownership of stock of the plaintiff's predecessor by George W. Dant, the president and principal owner of the stock of defendant's predecessor corporation, the defendant was estopped to now question the right of the plaintiff and the third-party defendant to use and continue to use the corporate name "John P. Dant Distillery Co.," and to use the trade-mark "John P. Dant" on its whiskey.

The case was tried to the Court without a jury on December 17 and 18, 1958, and final briefs were submitted by counsel for the parties on June 3, 1960.

### Findings of Fact

From the testimony heard at the trial, the exhibits, and the exhaustive briefs filed by counsel, the Court makes the following findings of fact:

1. The plaintiff, John P. Dant Distillery Co., is a corporation created under the laws of the State of Kentucky, and was incorporated February 25, 1946, under the corporate name of "John P. Dant Distributing Co."; by amendment, its corporate name was changed to "John P. Dant Distillery Co.," on December 15, 1954. It has used the name "John P. Dant" as a part of its corporate name and as a trade-mark in advertising and packaging its products during its entire corporate existence.

2. John P. Dant, Jr., president of plaintiff corporation since its organization and third-party defendant in this action, is the son of John P. Dant, Sr., and the grandson of Joseph Washington Dant (hereinafter referred to as J. W. Dant). He became associated with his father in the whiskey business in Louisville, Kentucky, in 1913. When the John P. Dant Distillery Company, Inc., located at Meadowlawn, Jefferson County, Kentucky, was organized November 28, 1933, John P. Dant, Jr., was one of the incorporators and vice-president of the corporation. Upon the death of his father on April 18, 1944, he became president of the John P. Dant Distillery Company, Inc., which office he held until February, 1954, when he and his two sisters sold their interest in the corporation to R. L. Buse of Cincinnati, Ohio. John P. Dant, Jr., was one of the incorporators of the John P. Dant Distributing Co., in 1946, which later became the John P. Dant Distillery Co., plaintiff in this action.

3. John P. Dant, Sr., was one of the seven sons of J. W. Dant and a brother of George Washington Dant (referred to herein as George W. Dant). From 1875 to 1883, he worked as a distiller for his father at the J. W. Dant Distillery at Dant, Marion County, Kentucky. In 1890, he began operations in Louisville as the "Pioneer Bottling House," later changed to "John P. Dant," and shortly afterward became a partner in the firm of Dant and Carter. From 1912 to 1922, he was connected with the Smith Distillery Company at Chicago, Marion, County, Kentucky; he was president and a major stockholder of the company. When the John P. Dant Distillery Company, Inc., was organized in 1933, he was one of the incorporators, became president, and remained in that position until his death in April, 1944.

4. The John P. Dant Distillery Company, Inc., was incorporated November 28, 1933, and operated a distillery at Meadowlawn, Jefferson County, Ken-

tucky. Following the sale of the interest of John P. Dant, Jr., and his two sisters in the corporation in February, 1954, its articles of incorporation were amended and its corporate name became "Old Boone Distillery Co.," on December 10, 1954.

5. By a written assignment dated February 15, 1954, the John P. Dant Distillery Company, Inc., transferred to John P. Dant, Jr., the trade-mark "John P. Dant", together with the good will of the business of the John P. Dant Distillery Company, Inc., in connection with which the trade-mark "John P. Dant" was used.

By a writing dated October 11, 1955, John P. Dant, Jr., transferred and assigned to the John P. Dant Distillery Co. (formerly John P. Dant Distributing Co.) the trade-mark "John P. Dant" and the good will of the business with which that mark was used, with the provision that upon the termination of the connection of John P. Dant, Jr., with the John P. Dant Distillery Co., or upon his death, the corporation was to transfer and assign the trade-mark to John P. Dant, Jr., or his personal representative.

6. J. W. Dant died in 1902 and, in part, his will provided:

"I desire that after my death no whiskey subsequently made be branded with my name, the use of which as a brand for whiskey shall then cease, except that any contracts previously made shall be carried out in good faith, and even in the absence of my outstanding contracts should I die during a distilling season, the product of that season's run may be branded as heretofore."

7. Upon the death of his father, J. W. Dant, in 1902, George W. Dant became president of The Dant Distillery Co., Inc., at Dant, Kentucky, and remained as president and controlling stockholder until his death on April 25, 1943. He was also a stockholder in the John P. Dant Distillery Company, Inc., and his will, in part, provided:

"I desire that all interest of value that may be found in my possession in the John P. Dant Distillery Company, Inc., go to the living heirs of my brother John, at cost or market, whichever is the lower."

8. December 27, 1897, the J. W. Dant Distillery at Dant, Kentucky, was incorporated under the name of "The Dant Distillery Co., Inc.," with J. W. Dant as president. The other incorporators were four of his sons: Joseph Bernard, Thomas Sidney, William Wallace, and George W. Dant. As stated above, George W. Dant became president in 1902. The Dant Distillery Co., Inc., obtained two trade-mark registrations. The first one was for the brand name "J. W. Dant" in script form, No. 320,981, dated January 15, 1935, for whiskey, and included a design of four kernels of corn in which the name "Dant" appeared and the words "Est'd in 1836." The second registration was for the brand name "J. W. Dant" in block form, No. 376,057, dated March 12, 1940, for whiskey.

9. Subsequent to the death of George W. Dant in 1943, the assets, stock, and trade-marks of The Dant Distillery Co., Inc., were acquired by United Distillers of America, Inc., and United Distillers of America, Ltd.

10. The defendant, Schenley Distillers, Inc., is a corporation created under the laws of the State of Delaware. On March 5, 1953, defendant acquired by assignment from United Distillers of America, Inc., and United Distillers of America, Ltd., all of the assets and good will of The Dant Distillery Co., Inc., including the corporate name and the trade-mark "J. W. Dant", the registrations thereof, and the good will of the business connected therewith. On the same date, March 5, 1953, the corporate name of The Dant Distillery Co., Inc., was changed to "The A. H. Corporation", and the defendant organized a new Kentucky corporation under the name of "The Dant Distillery Company." The A. H. Corporation was subsequently dissolved.

11. Defendant in this action contends that J. W. Dant began the business of distilling and selling whiskey in 1836 under the trade-mark "J. W. Dant." However, the Court is inclined to agree with the statement of an examiner of the Patent Office in a report, which is a part of Defendant's Exhibit No. 10, wherein he said:

"The petitioner (The Dant Distillery Co., Inc.) claims 1836 as its earliest date of use. The record, however, is deemed insufficient to support this claim. It does satisfactorily appear that the petitioner through predecessors in business has had use of this mark since before the year 1890, * * *." (Parenthetical expression added.)

12. During the period George W. Dant was president of The Dant Distillery Co., Inc., from 1902 until his death in 1943, John P. Dant, Sr., and John P. Dant, Jr., after 1913, were engaged in the whiskey business in Kentucky. From the organization of the John P. Dant Distillery Company, Inc., in 1933 until the death of George W. Dant in 1943, there were trade relations between The Dant Distillery Co., Inc., and the John P. Dant Distillery Company, Inc., of which latter corporation George W. Dant was a substantial stockholder although he was president of the former corporation. At no time during the lifetime of George W. Dant did The Dant Distillery Co., Inc., take any court action to terminate or make any objection whatever, of which there is now evidence, to the use of the name "Dant" by the John P. Dant Distillery Company, Inc., as a trade-mark of its whiskey or as a part of its corporate name. For some 40 years, at least John P. Dant, Sr., and George W. Dant were engaged in the whiskey business, each and both using the surname "Dant", either alone or in combination, as a trade-mark or as a business or corporate name.

13. It is clearly shown by the evidence that the volume of the business conducted by the plaintiff corporation is small in comparison with the volume of the business of the defendant's corporation. Defendant's gross sales of whiskey sold under the brand names of "J. W. Dant" and "J. W. Dant Old Bourbon" for the period from March 1, 1953, to October 31, 1958, amounted to $150,000,000. The competition in sales is negligible and the proof of confusion is unconvincing.

Conclusions of Law

The Court makes the following conclusions of law:

1. This Court has jurisdiction of the matters involved in the complaint of the plaintiff. 28 U.S.C. § 1332. It also has jurisdiction of the matters involved in the counterclaim and third-party complaint filed by the defendant. 28 U.S.C. § 1338(a) and (b).

2. The law of this case is practically the same whether controlled by the law of Kentucky or the federal law. Compare Country Distillers Products, Inc. v. Samuels, Inc. (Country Distillers Products, Inc. v. Old Samuels Distillery, Inc.), 309 Ky. 262, 217 S.W.2d 216; Churchill Downs Distilling Co. v. Churchill Downs, Inc., 262 Ky. 567, 90 S.W.2d 1041; Kay Jewelry Co. v. Gay's Jewelry, Inc., Ky., 277 S.W.2d 30, with Neuhoff, Inc. v. Neuhoff Packing Co., 6 Cir., 167 F.2d 459; National Distillers Products Corp. v. K. Taylor Distilling Co., Inc., D.C.E. D.Ky., 31 F.Supp. 611, opinion by Judge Ford; Yellow Cab Transit Co. v. Louisville Taxicab & Transfer Co., 6 Cir., 147 F.2d 407; Old Lexington Club Distillery Co. v. Kentucky Distilleries & Warehouse Co., D.C.N.J., 234 F. 464, and Procter & Gamble Co. v. J. L. Prescott Co., 3 Cir., 102 F.2d 773.

3. In Country Distillers Products, Inc. v. Samuels, Inc., 309 Ky. 262, 269, 217 S.W.2d 216, 220, the Kentucky Court of Appeals quotes with approval from a Canadian case cited in 107 A.L.R., p. 1282:

" 'Every man has the undeniable right to the use of his patronymic name in his business and he cannot be absolutely restrained from using it, even though another person bearing the same name, previously es-

tablished in a business of the same character, has adopted it; he can only be prevented from making use of it in such a way as to cause confusion.' "

That opinion then quotes the following statement from Stix, Baer & Fuller Dry Goods Co. v. American Piano Co., 8 Cir., 211 F. 271, 274:

" 'It is now settled beyond controversy that a family surname is incapable of exclusive appropriation in trade. The right of every man to use his own name in his business was declared in the law before the modern doctrine of unfair trade competition had arisen. It is part of the law of trade-mark. * * *. If, however, the name has previously become well known in trade, the second comer uses it subject to three important restrictions: (1) He may not affirmatively do anything to cause the public to believe that his article is made by the first manufacturer. (2) He must exercise reasonable care to prevent the public from so believing. (3) He must exercise reasonable care to prevent the public from believing that he is the successor in business of the first manufacturer. This duty to warn, however, must not be pressed so far as to make it impracticable for the second comer to use his name in trade.' "

■ 4. In Yellow Cab Transit Co. v. Louisville Taxicab & Transfer Co., 6 Cir., 147 F.2d 407, 414, a statement of Mr. Justice Holmes in the opinion in L. E. Waterman Co. v. Modern Pen Co., 235 U.S. 88, 94, 35 S.Ct. 91, 59 L.Ed. 142, is quoted:

" 'But, whatever generality of expression there may have been in the earlier cases, it now is established that when the use of his own name upon his goods by a later competitor will and does lead the public to understand that those goods are the product of a concern already established and well known under that name, and when the profit of the confusion is known to and, if that be material, is intended by the later man, the law will require him to take reasonable precautions to prevent the mistake.' "

There is no fixed rule by which to measure the degree of laches which is sufficient to bar the enforcement of a right. Each case must be determined according to its own particular facts and circumstances. Richardson v. Blue Grass Mining Co., D.C.E.D.Ky., 29 F.Supp. 658, affirmed 6 Cir., 127 F.2d 291, certiorari denied 317 U.S. 639, 63 S.Ct. 30, 87 L.Ed. 515.

5. It was stated in Anheuser-Busch v. DuBois Brewing Co., 3 Cir., 175 F.2d 370, 377, that a party should not be aided in equity by injunction where another has been permitted to conduct a localized operation over a long period of time.

6. In Old Lexington Club Distillery Co. v. Kentucky Distilleries & Warehouse Co., D.C.N.J., 234 F. 464, 469, the Court said:

"For one to permit another to build up a reputation for one's goods under a trade-name for a long period of time, and then to assert an exclusive right to that name and thereby acquire the benefit of the reputation and trade the other has built up, when it lay in the power of the former at any time to have arrested the use of the trade-name by the latter, seems to me most inequitable, because, if the right had been asserted before the reputation was acquired, the infringer could have adopted another name and built his reputation on it."

This rule was reaffirmed in Procter & Gamble Co. v. J. L. Prescott Co., 3 Cir., 102 F.2d 773, 780.

■ 7. George W. Dant's ownership of stock in the plaintiff's predecessor did not of itself estop the defendant to challenge plaintiff's right to the use of the trade-mark "John P. Dant" on its whiskey or to use the surname "Dant" in its

corporate name. However, George W. Dant, as president of the Dant Distillery Co., Inc., not only stood by and observed John P. Dant, Sr., and John P. Dant, Jr., engage in business under the corporate name "John P. Dant Distillery Company, Inc.," but he failed to take any affirmative action to circumscribe or limit the use of the name "Dant" in connection with the conduct of their whiskey business. It indicates to the Court either that George W. Dant did not regard the competition of the John P. Dant Distillery Company, Inc., as sufficient to justify the effort and expense incident to a court proceeding, or that the two brothers regarded the use of the family surname "Dant" as a mark of their products and as a part of their business or corporate name as a legitimate right of each. The fact that neither John P. Dant, Sr., nor John P. Dant, Jr., sought to register the trade-mark "John P. Dant" indicates a feeling of security in the use of the surname "Dant" in connection with the conduct of their business.

8. The Court is not convinced that the evidence affords any reason to conclude that the plaintiff, John P. Dant Distillery Co., or the third-party defendant, John P. Dant, Jr., has tried to substitute the products of the plaintiff corporation for the products of the defendant. The essence of unfair competition is in palming off one person's goods for those of another and nothing less than conduct tending to show, by direct or circumstantial evidence, the intention to so palm off merchandise will constitute unfair competition. Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U.S. 598, 9 S.Ct. 166, 32 L. Ed. 535; Socony-Vacuum Oil Co. v. Rosen, 6 Cir., 108 F.2d 632, 635.

9. The Court concludes that the use of the name "Dant" by the plaintiff and third-party defendant in the whiskey business is legitimate, and that it would be inequitable at this late date in the history of their operations to enjoin or to attempt to curtail by injunction the continuation of their operations.

Conclusion

It is, therefore, concluded by the Court that a judgment, declaring the rights of the plaintiff to use the trade-mark "John P. Dant" and the corporate name "John P. Dant Distillery Co.," as presently adopted and used, and dismissing the counterclaim and third-party complaint of the defendant, will be tendered by the plaintiff.