**JOHN P. DANT DISTILLERY CO.,**
Plaintiff-Appellee,

v.

**SCHENLEY DISTILLERS, INC., Defendant and Third Party Plaintiff-Appellant,**

v.

**John P. DANT, Jr., Third Party Defendant-Appellee.**

No. 14549.

United States Court of Appeals Sixth Circuit.

Jan. 4, 1962.

Milton Handler, New York City, Sidney A. Diamond, New York City, Kaye, Scholer, Fierman, Hays & Handler, New York City, Joseph J. Kaplan, Ben F. Washer, Louisville, Ky., Nichols, Woods, Marx & Ginter, Roy G. Holmes, Cincinnati, Ohio, on brief, for appellant.

Oldham Clarke, Louisville, Ky., McElwain, Dinning, Clarke & Winstead, Louisville, Ky., on brief, for appellees.

Before SIMONS and MARTIN, Circuit Judges, and DARR, District Judge.

PER CURIAM.

The appellant, Schenley Distillers, Inc., is successor in title to the trade-mark "J. W. Dant," distiller of Kentucky whiskey from way back in 1836. The appellee, John P. Dant Distillery Co., and the third-party defendant-appellee, John P. Dant, Jr., its president, assert their right to use the trade-mark under which the whiskey of appellee's distillery is marketed and to use its corporate name. John P. Dant, Jr., is a grand-son of J. W. Dant and a nephew of the latter's son, George W. Dant—the family's early Kentucky distillers.

In this action, tried without the intervention of a jury, the United States District Court held that the appellee is entitled to use the name "John P. Dant" in its corporate name, and is entitled, as exclusive licensee of the owner John P. Dant, Jr., to use the name and mark "John P. Dant" in the manner and style

in which such name and mark have been used in the whiskey business for many years. The Court held further that the trade-mark "John P. Dant" is not confusingly similar to appellant's trade-mark "J. W. Dant."

District Judge Shelbourne, in a Memorandum (published in 189 F.Supp. 821) consisting of Findings of Fact, supported by substantial evidence and not clearly erroneous, and appropriate and correct Conclusions of Law, set forth succinctly the basis upon which he reached his conclusion. The Conclusions of Law are documented with appropriate authority, including several decisions of this court.

Inasmuch as the findings and conclusions are published, as shown, supra, and are entirely adequate, we find no occasion to re-write or add to Judge Shelbourne's excellent work.

Accordingly, the judgment of the District Court is affirmed.