**CRANE CO., Plaintiff-Appellant,**

v.

**CRANE HEATING & AIR CONDITION-ING CO., a corporation, Frank J. Crane, Jr., Thomas Crane, Defendants-Appellees.**

No. 14639.

United States Court of Appeals
Sixth Circuit.

Feb. 23, 1962.

Gerrit P. Groen, Chicago, Ill. (Dean A. Olds, Byron, Hume, Groen & Clement, Chicago, Ill., on the brief), Truman A. Herron, Wood, Herron & Evans, Cincinnati, Ohio, of counsel, for plaintiff-appellant.

William J. Rielly, Cincinnati, Ohio (Lloyd, Ferguson & Rielly, Cincinnati, Ohio, on the brief), Walter S. Murray, Cincinnati, Ohio, of counsel, for defendants-appellees.

Before WEICK, Circuit Judge, and BOYD and THORNTON, District Judges.

WEICK, Circuit Judge.

In the present case, Crane Co. sought to enjoin the defendants from using the name Crane in the conduct of their business claiming infringement of its trademark and unfair competition. The District Judge adopted findings of fact and conclusions of law. He denied the injunction and dismissed the complaint.

Crane Co.'s name was derived from R. J. Crane who established the business in 1855. Crane Co. was incorporated under the laws of Illinois with its principal office in Chicago. It has a large business and is engaged in the sale of a variety of products throughout the United States and in some foreign countries. These products include bathroom fixtures, plumbing, heating, air conditioning and related equipment and valves and fittings. It maintains a Cincinnati sales office. Prior to 1955 it did not concentrate on the sale of heating equipment in Cincinnati. Crane Co. manufactures about 50% of its products and has others manufacture for it the remaining 50%. It makes no sales at the retail level and distributes its products through jobbers and retailers. It does not service any of its products except when a complaint made by a purchaser of one of its products is not properly handled by the retailer who sold it.

Crane Co. established the right to use the name "Crane" as a trademark or trade-name on its products. It asserts that its name is "renowned."

Defendants are a small outfit engaged in the installation and repair of heating and air conditioning equipment in homes and buildings in the Cincinnati area. Frank J. Crane, Jr. and Thomas Crane are brothers. They formed a partnership in 1953 under the name and style of

Crane Heating & Air Conditioning Co. and the following year organized a corporation under the laws of Ohio using the same name. The corporation took over the partnership business. The brothers are President and Vice President respectively of the corporation. They do not manufacture any equipment or market any product bearing their names. They instal in a home or building whatever brand of equipment may be selected by a contractor or customer which included American Standard, Janitrol, Carrier and General Electric. All of the products handled by them bore the trademark or trade-name of the manufacturer.

About 95½% of their business consisted of installations of heating and air conditioning units in new homes on orders of contractors who specified the equipment, 1% in replacement of units in old homes and 3½% in servicing or repairing of equipment.

The District Court found that the Crane brothers were using their own surname in good faith; that they had not held themselves out to the public as being associated or connected with Crane Co. or attempted to palm off the equipment handled by them as being the products of that company; that all of the products handled by them were marked with the names of the manufacturers thereof.

There was no evidence of any damage to Crane Co. resulting from the use by Crane brothers of their own surname in their corporate set up.

There was evidence that another concern named M. H. Crane Company was engaged in the heating business in Cincinnati. This company had no connection with defendants. There was no proof that Crane Co. ever undertook to stop M. H. Crane Co. from using the name Crane although defendants offered to show that M. H. Crane Co. had been in business here since the 1800's. The court also found that Crane Co. knew of the use of the name Crane by the defendants since April 1954 and thereafter sold supplies to defendants; that Crane Co. through its local manager sought to encourage defendants to use the name Crane to sell Crane Co. products and did not object to their using the name Crane until 1958. The court found Crane Co. guilty of laches.

■ In our opinion, the Crane brothers had the right to use their surname Crane in their business so long as they did not attempt to palm off the products which they handled as products of Crane Co. or mislead the public into believing that they were dealing with Crane Co. S. C. Johnson & Son, Inc. v. Johnson, 266 F.2d 129 (CA6, 1959); Dant Distillery Co. v. Schenley Distillers, Inc., 297 F.2d 935 (CA6, 1962) affirming D.C., 189 F. Supp. 821.

It was, of course, proper for R. J. Crane to use his surname in the business which he established known as Crane Co. The Crane brothers have the same privilege so long as they do not attempt to deceive or mislead.

Counsel for Crane Co. says he does not agree with our decisions in the Johnson and Dant cases and asks us to reconsider them, but we are satisfied that they correctly state the law.

■ One of the findings of fact of the District Court is set forth in the footnote.[1] We think that the agreement of

1. "No. 9. Defendant uses no trademark or trade-name and, therefore, is not infringing on Plaintiff's mark. However, Defendant, in a few instances of advertising used styling and type of lettering of the word 'Crane' in such a way that might be considered an infringement on Plaintiff's copyright. Defendant, in open court, however, agreed that it would not in the future carry out such advertising and agreed that it would adopt a style and type of advertising that would fully and completely advise all persons reading the advertisement that they were not dealing with Plaintiff and avoid all confusion. Defendant further agreed in open Court that in all of its advertising copy it would print the name 'Crane' in the same style and size of lettering as the other words of its name, viz.—'Crane Heating & Air Conditioning Company.' The infringing instances were minor, and have caused Plaintiff no damage so injunctive relief is not proper."

the defendants set forth in this finding should have been made a part of the judgment of the District Court even though protective provisions are not ordinarily adopted in the absence of fraud or deception. Waterman Co. v. Modern Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L. Ed. 142; Royal Baking Powder Co. v. Royal, 122 F. 337 (CA6). It should eliminate any possible confusion in the names of the parties. We will, therefore, enter the judgment which should have been entered by the District Court and adopt and make the agreement of the defendants set forth in Finding No. 9 a part of our order affirming the judgment. Cyclopedia of Federal Procedure § 68.85.

The judgment of the District Court is affirmed as modified herein.