The SEVEN-UP COMPANY, Plaintiff-Appellant,

v.

The GET UP CORPORATION, Defendant-Appellee.

No. 15630.

United States Court of Appeals
Sixth Circuit.

Jan. 8, 1965.

See also D.C., 30 F.R.D. 550.

Beverly W. Pattishall, Chicago, Ill., W. Thomas Hofstetter, Robert M. Newbury, Chicago, Ill., on brief; Woodson, Pattishall & Garner, Chicago, Ill., John T. Tabor, St. Louis, Mo., of counsel, for appellant.

Oliver P. Howes, Jr., New York City, Gottfried, Ginsberg, Guren & Merritt, Cleveland, Ohio, Nims, Halliday, Whitman, Howes & Collison, New York City, on brief; Collison, M. L. Severn, New York City, Avery S. Cohen, Cleveland, Ohio, of counsel, for appellee.

Before EDWARDS, Circuit Judge, PRETTYMAN, Senior Circuit Judge,[*] and BOYD, District Judge.[**]

PER CURIAM.

The Seven-Up Company, our appellant, sued The Get Up Corporation for infringement of its trademark and for unfair competition. The action was tried by the District Court without a jury. That court heard extensive evidence, made findings of fact, reached conclusions of law, rendered an opinion, and dismissed the complaint. The opinion was emphatic and in parts phrased colloquially, but it was clear in its holdings. We find in it no error affecting substantial rights of the appellant-plaintiff.

Appellant urges that the trial court applied to the problem a test of likelihood of confusion of goods whereas the proper test is of likelihood of confusion as to source. Quite apart from the vague niceties of the distinction, it is quite clear that the court, in ruling upon the case, considered and passed upon the contention as made by the plaintiff. Thus, in stating the issues the court said: "Plaintiff further says that Defendant by such confusion of source of purchase is misappropriating Plaintiff's business * * *." The court quoted from and relied upon the opinion of the Tenth Circuit in Standard Oil Company v. Standard Oil Company, 252 F.2d 65, 76 A.L.R.2d 600 (1958). The trial court phrased the test of that case as follows: "So a proper test relates to producing in the minds of ordinary purchasers, exercising due care in the market place, confusion as to origin of goods." It seems clear to us that the District Court did not, as our appellant urges, apply an erroneous test.

Affirmed.

[*] Sitting by designation from the District of Columbia Circuit.

[**] Sitting by designation from the Western District of Tennessee.