**J. WISS AND SONS CO., Plaintiff-Appellant,**

v.

**GEE WHIZ TOOL CORP., Defendant-Appellee.**

**No. 16464.**

United States Court of Appeals Sixth Circuit.

Aug. 2, 1966.

Mark H. Sparrow, New York City, for appellant, Sparrow & Sparrow, New York City, Pittman, Cole, Gilliland & Clay, Memphis, Tenn., on the brief.

Clifford D. Pierce, Jr., Memphis, Tenn., for appellee, Pierce, Rice, Bratcher & Pierce, Memphis, Tenn., on the brief.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant-appellee entered after trial of the issues before Judge Bailey Brown in the United States District Court for the Western District of Tennessee.

Plaintiff-appellant, J. Wiss and Sons Co., is an old established scissors, shears and garden tool manufacturer. Defendant-appellee, Gee Whiz Tool Corporation, is a newer entrant into at least some of the same lines of manufacture. Plaintiff-appellant holds trademark registrations for eleven different trademarks, including WISS and WIZZ, and it sells its products under these marks and with the use of its trade name, J. Wiss.

Appellant's complaint alleges that defendant's corporate name, Gee Whiz Tool Corporation, and its trade name GEE WHIZ "nearly resembles and is a colorable imitation of plaintiff's name, J. Wiss," and that defendant has advertised a pruning shear under the name GEE WHIZ.

The first of these allegations is said to constitute unfair competition, and the second, an infringement of appellant's trademarks.

To date appellant is able to point to only one tool, the Gee Whiz multi-pruner, which is competitive with appellant's products. The trial judge compared this tool and the words used to describe it by appellee with the J. Wiss long-handled pruner which employs the trademark WIZZ on one handle, and found no trademark infringement or unfair competition resulting from sale of the GEE WHIZ item. We agree.

It is clear to us, as it was to the trial judge, that to this point the Gee Whiz Tool Corporation has not sought to imitate either the equipment produced by J. Wiss and Sons Co. or its trademarks. Cf. McCormick & Co. v. B. Manischewitz Co., 206 F.2d 744 (C.A.6, 1953). Nor do we think that any use of the Gee Whiz name or the corporate name of defendant-appellee demonstrated in this record is such as to tend to confuse the buying public concerning the source of the tools.

Much of plaintiff-appellant's argument is devoted to the fact that the Gee Whiz Corporation plans to produce other articles in the garden tool field which might prove to be directly competitive with those manufactured by the J. Wiss and Sons Co. and unfairly confusing to the buying public. We do not now seek to pass upon the justification or lack thereof for plaintiff-appellant's fears. We simply hold that the mere fact of the use by appellant of its corporate name Gee Whiz Tool Corporation, and the use of the term "Gee Whiz" on defendant-appellee's multi-pruner as it has been employed to date have not constituted either infringement of plaintiff-appellant's trademarks or unfair competition. The Seven Up Co. v. Get Up Corporation, 340 F.2d 954 (C.A.6, 1965), cert. denied, 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965); John P. Dant Distillery Co. v. Schenley Dist. Co., 297 F.2d 935 (C.A. 6, 1962), appeal dismissed, 371 U.S. 802, 83 S.Ct. 14, 9 L.Ed.2d 47 (1962).

The judgment of the District Court is affirmed.